# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIRESTONE INDUSTRIAL PRODUCTS COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DAVI ENTERPRISES, INC., d/b/a SD TRUCK SPRINGS, <br><br> Defendant. | Case No. 2:23-cv-1915 |

### VERIFIED COMPLAINT FOR BREACH OF CONTRACT AND UNJUST ENRICHMENT

Firestone Industrial Products Company, LLC ("***Firestone***"), by and through its undersigned counsel, files this verified complaint seeking damages for breach of contract and unjust enrichment. In support of this complaint, Firestone respectfully states as follows:

#### PARTIES, JURISDICTION, AND VENUE

1. Firestone is a for-profit limited liability company organized under the laws of the State of Indiana with its principal place of business in Tennessee.

2. Defendant Davi Enterprises, Inc., d/b/a SD Truck Springs ("***Defendant***") is a for-profit corporation incorporated under the laws of New York with its principal place of business in New York.

3. Defendant's principal place of business is located at 13 Kellogg Place, Huntington Station, New York, 11746.

4. Defendant's executive officer's name and address is Vincent Davi, 85 Airpark Drive, Unit 7, Ronkonkoma, New York, 11779.

5. This action concerns Defendant's purchase of goods from Firestone for which Defendant did not pay.

6. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter because (a) Firestone and Defendant are citizens of different states[1] and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1391, venue for this matter is proper in this Court, because the Defendant's primary place of business is within this district.

## **FACTUAL BACKGROUND**

8. Firestone is the world's leading supplier of air suspension and air springs, and sells air suspension and air springs internationally.

9. From time to time, Defendant would request to purchase, and Firestone would agree to sell and deliver to Defendant, certain air suspension and air springs products.

10. In each instance, Firestone issued invoices to Defendant reflecting the products sold and delivered by Firestone to Defendant.

11. From approximately March 2022 through August 2022, Firestone sold and caused to be delivered to Defendant not less than **$645,603.93** in goods, pursuant to and at the requests of Defendant and for which Defendant has not made payment.

12. A summary statement of the invoices are attached to this complaint as **Exhibit A** and incorporated in this paragraph by reference.

## **COUNT I**
### **(BREACH OF CONTRACT AND DEBT AND MONEY DUE)**

13. Firestone incorporates the allegations in paragraph 1 through this paragraph as if set forth fully at length in this paragraph.

---

[1] No member of Firestone is a citizen of New York.

14. The requests by Defendant, delivery of products by Firestone, acceptance of said products by Defendant, and the invoices reflecting the foregoing collectively comprise a contract for the purchase of goods by Defendant from Firestone.

15. As of the date of this complaint, Defendant has failed to pay or cause to be paid all amounts due and owing Firestone, pursuant to the invoices.

16. Defendant has breached Defendant's agreement to pay for the goods ordered, shipped, delivered, and ultimately accepted by Defendant.

17. Defendant is indebted to Firestone in an amount not less than **$645,603.93**, as more specifically set forth on **Exhibit A** to this complaint.

18. Additional and other amounts may be owed by Defendant to Firestone, including attorneys' fees and costs.

19. Firestone is entitled to entry of a money judgment in an amount not less than **$645,603.93**, plus all applicable service fees and court costs (including attorneys' fees and costs), plus post-judgment interest at the maximum rate permitted by law.

### COUNT II
**(UNJUST ENRICHMENT)**

20. Firestone incorporates the allegations in paragraph 1 through paragraph 12 as if set forth fully at length in this paragraph.

21. This Count II is pled in the alternative to Count I of this complaint.

22. Defendant induced Firestone to supply goods and other items distributed to it by Firestone, by promising to pay for such goods and other items.

23. Defendant has failed to pay Firestone for the goods and other items distributed to it by Firestone.

24. Defendant has benefitted from the goods and other items distributed to it by Firestone, in part, and upon information and belief, by reselling the goods to Defendant's customers.

25. Defendant has been unjustly enriched at Firestone's expense.

26. Firestone is entitled to entry of a money judgment in an amount not less than **$645,603.93**, plus all applicable service fees and court costs (including attorneys' fees and costs), plus post-judgment interest at the maximum rate permitted by law.

WHEREFORE, Firestone prays for the following relief:

A. on Count I, by entry of a money judgment in favor of Firestone Industrial Products Company, LLC, and against Davi Enterprises, Inc., d/b/a SD Truck Springs, in an amount not less than **$645,603.93**, plus all applicable service fees and court costs (including attorneys' fees and costs), plus post-judgment interest at the maximum rate permitted by law;

B. alternatively, on Count II, by entry of a money judgment in favor of Firestone Industrial Products Company, LLC, and against Davi Enterprises, Inc., d/b/a SD Truck Springs in an amount not less than **$645,603.93**, plus all applicable service fees and court costs (including attorneys' fees and costs), plus post-judgment interest at the maximum rate permitted by law;

C. attorneys' fees and costs to the extent allowed by law; and

D. for such other and further equitable or other appropriate relief as this Court deems just and proper.

Dated: March 13, 2023

Respectfully submitted,

s/ Todd R. Hambidge
Todd R. Hambidge (NY 4610390)
Blake D. Roth (*pro hac vice* to be filed)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Tel. 615.244.6380
Email: todd.hambidge@hklaw.com
      blake.roth@hklaw.com

*Attorneys for Plaintiff, Firestone Industrial Products Company, LLC*

## VERIFICATION

I, Matthew Trautman, being first duly sworn and under oath, state that I am the Finance Director for Firestone Industrial Products Company, LLC, the plaintiff in this matter, that I have read the foregoing verified complaint, that I am personally familiar with the facts stated in the foregoing verified complaint or otherwise know of those facts based upon diligent investigation and reports, including a review of the business records maintained by Firestone Industrial Products Company, LLC in its ordinary course of business, and that the same are true and correct based upon my present knowledge, information, and belief.

_____
Matthew Trautman
Finance Director

Sworn and subscribed before me this 6 day of March, 2023.

_____
Notary Public

[Seal: KATHLEEN JENNETTE, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY, My Commission Expires MAR. 6, 2024]